UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE GOERINGER | CIVIL ACTION |
| VERSUS | NO. 07-3194 |
| JAMES W. NEWTON, ET AL | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Defendant Safeco's Motion for Summary Judgment (Rec. Doc. No. 39). For the reasons stated herein, **IT IS ORDERED** that Defendant Safeco's motion is **GRANTED**. Accordingly, Plaintiff's punitive damages claim against Defendant Safeco is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On July 3, 2006, Plaintiff, Julie Goeringer, was a guest passenger in an automobile that was involved in a motor vehicle accident in St. Tammany Parish, Louisiana. The owner and driver of the automobile in question, James Newton, allegedly was intoxicated at the time of the accident. Having settled her bodily injury claim with Mr. Newton's liability carrier, Plaintiff asserted claims in this action for exemplary damages, pursuant to Louisiana Civil Code article 2315.4, against Mr. Newton, his liability insurer, Auto Club Inter-Insurance Exchange,[1] and her own

---

[1] Plaintiff's Supplemental and Amending Complaint substituted "Auto Club Inter-Insurance Exchange" for AAA Insurance Company. *See* Rec. Doc. No. 9.

uninsured motorist (UM) carrier, Safeco Insurance Company of America.  As of the time of the issuance of this Order and Reasons, all of Plaintiff's claims, except those asserted against Safeco, have been resolved.  Accordingly, only Plaintiff's claims against Safeco remain before the Court.

## **LAW AND ANALYSIS**

### **I.    Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

### **II.   Application**

Citing the Arizona Supreme Court's decision in *State Farm Mutual Automobile Insurance Company v. Wilson,* 162 Ariz. 251, 782 P.2d 727 (Ariz. Sup. 1989), Safeco contends that the exemplary damages sought by Plaintiff are not covered by the Safeco UM policy.  In response, Plaintiff does not contest Defendant's construction of the *Wilson* decision or its preclusive effect on her claim for exemplary damages *if* properly applied thereto.  Rather, according to Plaintiff, the "issue presented is whether Louisiana or Arizona [substantive] law controls the interpretation of

[Plaintiff's] policy of uninsured motorist coverage with Safeco."[2]  In other words, Plaintiff argues that Louisiana's conflict of laws authorities require that the legal viability of Plaintiff's claim for exemplary damages against Safeco be determined by Louisiana, not Arizona, substantive law.

Having carefully reviewed the authorities cited by the parties, including Louisiana Civil Code articles 3515 and 3537, the Court, for much the same reasons stated by Safeco in its reply memorandum (Rec. Doc. No. 47), finds that, under the circumstances of this case, Arizona law should determine whether exemplary damages are recoverable under Plaintiff's Safeco UM policy. Specifically, in cases with multi-state contacts, articles 3515 and 3537 deem controlling the law of the state whose policies would be most seriously be impaired if its (substantive) law were not applied to the disputed issue. *See* La. Civ. Code arts. 3515 (providing general and residual rule) and 3537 (providing general rule for conventional obligations).[3]  Here, the Court finds that state to be

---

[2]  *See* Plaintiff's Opposition Memorandum ("Opp.") (Rec. Doc. No. 43) at 2; *see also* Plaintiff's Opp. at 2-4.

[3]  These statutes provide:

**Art. 3515.  Determination of the applicable law; general and residual rule**

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Arizona.

Significantly, the claim asserted against Safeco is not one for *compensatory* damages from Plaintiff's UM insurer or the driver's liability insurer. Rather, the only claim at issue is one for *exemplary* damages intended to punish and deter the operation of a motor vehicle while intoxicated. Further, Plaintiff has few contacts with Louisiana. She undisputedly is a resident of Arizona, and was only transitorily visiting Louisiana when the accident occurred. Nor is there any indication that she frequently visits Louisiana for work or other reasons. The Safeco policy in question was issued and delivered in Arizona, moreover, and covers a personal automobile that is garaged in Arizona and was <u>not</u> involved in the accident. Finally, the state of Arizona has a legitimate interest in regulating its insurance industry and the contractual obligations that are an important component of that industry.

Under these circumstances, these factors outweigh the fact that the accident occurred in Louisiana, that the driver-tortfeasor is a Louisiana resident with a Louisiana driver's license, that

---

**Art. 3537.   General Rule**

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and of protecting one party from undue imposition by the other.

the wrecked automobile was garaged in Louisiana, and that Louisiana has a valid interest in regulating the use of the its highways and seeking to ensure that innocent accident victims are compensated for their losses. *Cf., e.g., Dreisel v. Metropolitan Prop. and Cas. Ins. Co.*, 836 So.2d 347 (La. App. 1 Cir. 12/20/02), *writ denied*, 840 So. 2d 575 (La. 3/28/03); *Zuviceh v. Nationwide Ins. Co.*, 786 So.2d 340 (La. App. 1 Cir. 2001); *Anderson v. Oliver*, 705 So. 2d (La. App. 3 Cir. 1/7/98), *writ denied*, 718 So. 2d 434 (La. 5/8/98). The same is true with respect to the fact that Safeco does business nationally.

Nor is the Safeco policy's adoption of the law of a state other than Arizona, under certain circumstances, particularly compelling in this instance.[4] That provision serves to increase or supply liability insurance, or mandatory coverage for non-residents, when the insured uses a vehicle another state.[5] However, it does not automatically yield a complete override of Arizona's uninsured or under-insured motorists law any time that it is contrary to the law of another state. Finally, the cases on which Plaintiff relies are all materially factually distinguishable. *See Boutte v. Fireman's Fund Cty. Mut. Ins. Co.*, 930 So. 2d 305 (La. App. 3 Cir. 5/10/06); *Dunlap v. Hartford Ins. Co.*, 907 So. 2d 22 (La. App. 1 Cir. 3/24/05); *Adams v. Thomas*, 753 So. 2d 416 (La. App. 2 Cir. 3/1/00).

Accordingly, the Court finds that the law of Arizona should determine the viability of Plaintiff's claim for punitive damages against Defendant Safeco. Consequently, applying *Wilson*, in accordance with the parties' treatment of the issue, the claim is legally without merit.

---

[4] *See* Plaintiff's Opp. at 8 (discussing the "Out of State Coverage" policy section).

[5] *See id.*

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant Safeco's motion is **GRANTED**. Thus, **IT IS FURTHER ORDERED** that Plaintiff's punitive damages claim against Defendant Safeco is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 24th day of July 2008.

**Kurt D. Engelhardt**
**United States District Judge**